Bart H. Williams (SBN 134009)
Simona Weil (SBN 316449)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
bwilliams@proskauer.com
sweil@proskauer.com

Baldassare Vinti*
Jeffrey H. Warshafsky*
Alisha Gupta*
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bvinti@proskauer.com
jwarshafsky@proskauer.com
agupta@proskauer.com

* Admitted *Pro Hac Vice*

*Attorneys for Last Brand, Inc. d/b/a Quince*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAMS-SONOMA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LAST BRAND, INC. D/B/A QUINCE,<br><br>Defendant. | Case No. 5:25-cv-10118-EJD<br><br>**LAST BRAND, INC. D/B/A QUINCE'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS**<br><br>Date: April 30, 2026<br>Time: 9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Before: Hon. Edward J. Davila |

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 3

A. Quince's Motion to Dismiss is Potentially Dispositive of the Case. ........ 3

B. No Discovery Is Necessary to Decide Quince's Motion to Dismiss. ........ 5

C. Proceeding with Discovery Will Unfairly Burden Quince. ........ 8

D. WSI Articulates No Reason a Stay Would Prejudice It. ........ 10

III. CONCLUSION ........ 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arcell v. Google LLC*,
2022 WL 16557600 (N.D. Cal. Oct. 31, 2022)....6

*Aristocrat Technologies, Inc. v. Light & Wonder, Inc.*,
2024 WL 2302151 (D. Nev. May 21, 2024)....10

*Broussard v. Dole Packaged Foods, LLC*,
2024 WL 1540221 (N.D. Cal. Apr. 8, 2024)....4

*Carter v. Oath Holdings, Inc.*,
2018 WL 3067985 (N.D. Cal. June 21, 2018)....4

*Contractor Mgmt. Servs. LLC v. Para Inc.*,
2025 WL 2531538 (D. Ariz. Sept. 2, 2025)....10

*Crowder v. LinkedIn Corp.*,
2023 WL 2405335 (N.D. Cal. Mar. 8, 2023)....4

*Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*,
2023 U.S. Dist. LEXIS 68757 (N.D. Cal. Apr. 19, 2023) (Davila, J.)....1, 4

*Garcia v. TDBBS, LLC*,
2025 WL 1755648 (N.D. Cal. June 25, 2025)....4

*Heck v. Amazon.com, Inc.*,
2022 WL 16579372 (N.D. Cal. Nov. 1, 2022)....3

*In re Google Digit. Advert. Antitrust Litig.*,
2020 WL 7227159 (N.D. Cal. Dec. 8, 2020)....4, 11

*In re Nexus 6p Prods. Liab. Litig.*,
2017 WL 3581188 (N.D. Cal. Aug. 18, 2017)....4, 5, 6

*In re Wells Fargo Mortg. Modification Litig.*,
2025 WL 2961793 (N.D. Cal. Oct. 20, 2025)....3

*Ledwidge v. Federal Deposit Insurance Corporation*,
2025 WL 885845 (N.D. Cal. Mar. 21, 2025)....6

*Leonard v. CVS Pharm., Inc.*,
2025 WL 1266929 (N.D. Cal. May 1, 2025) (Davila, J.)....3

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
2020 WL 2843369 (N.D. Cal. Apr. 10, 2020)....4, 11

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987)....6

*Tavantzis v. Am. Airlines, Inc.*,
2024 WL 812012 (N.D. Cal. Feb. 23, 2024)....5, 6

*Tradin Organics USA LLC v. Terra Nostra Organics, LLC*,
2023 WL 8481814 (N.D. Cal. Dec. 7, 2023) ........................................................ 4

## I. INTRODUCTION

This is the quintessential case for staying discovery until the motion to dismiss is decided because every relevant factor favors a stay. While WSI argues that Quince's motion to dismiss should be denied, all that matters for the first *Pacific Lumber* factor is that the motion targets the entire Complaint, which it indisputably does. And while WSI unsuccessfully tries to fabricate factual disputes, the motion to dismiss can be decided without any discovery, so the second *Pacific Lumber* factor is met too. All other considerations, including efficiency, avoiding prejudice to Quince, and the lack of any prejudice to WSI, favor a stay as well.

Quince's motion to dismiss targets the *entire* Complaint, making it case dispositive. The Complaint should be dismissed in full because, among other things, it rests on WSI's facially implausible interpretations of Quince's advertising and mere conjecture that Quince's products *might* be inferior to WSI's products. *See* ECF 21, 25. WSI does not allege it did any pre-suit investigation or analysis of Quince's products to determine how their quality compares to products sold by WSI. As a result, the Complaint does not allege facts and can only speculate that consumers buying Quince's products "***may*** be purchasing . . . items of ***often*** inferior quality." Compl. ¶ 19 (emphasis added). For each product comparison at issue, WSI then claims that "***further investigation or discovery is likely*** to show that [WSI brand's] goods—including its [product]—are higher quality than Quince's." *Id.* ¶¶ 32, 37, 42, 47, 52, 58, 66, 72 (emphasis added). The Court should reject WSI's "sue first and hope the facts are there later" approach.

Contrary to what WSI argues, it simply does not matter whether the motion seeks dismissal with prejudice. Indeed, this Court has rejected WSI's argument: "Nor does the Court find persuasive Plaintiff's argument that the motion must set forth a basis for dismissal without leave to amend. . . . Plaintiff's proposed interpretation simply is not the practice in this district." *Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*, 2023 U.S. Dist. LEXIS 68757, at *4 (N.D. Cal. Apr. 19, 2023) (Davila, J.). As discussed below, other courts in this district have rejected WSI's position too. Moreover, as Quince explained at the motion to dismiss hearing, WSI cannot plausibly allege its own products are superior to Quince's, or that any of Quince's non-comparative advertising is false. Because WSI cannot allege such facts, this case should be over.

Quince's intent to file counterclaims against WSI does not affect whether the motion to dismiss is potentially case dispositive, as those claims would simply be brought in a newly filed case if all of WSI's claims against Quince are dismissed. The first stay factor is therefore satisfied.

So is the second factor since no discovery is needed to resolve Quince's motion to dismiss. The motion explains how WSI fails to plead the requisite facts needed to state a claim for relief. Under Ninth Circuit precedent, the Court may consider materials incorporated into the Complaint itself, such as the challenged ads, without converting the motion to dismiss into a summary judgment motion. Just because WSI (wrongly) contends the motion to dismiss should be denied due to purported factual disputes, and that the case should then proceed to discovery, does not mean that discovery is needed *to decide* the motion to dismiss. Indeed, not once in its opposition to the motion to dismiss, nor at the motion to dismiss hearing, did WSI argue that discovery was required to decide the motion. As the Court heard at the motion to dismiss hearing, the Complaint should be dismissed because it does not plausibly allege any false advertising. No discovery needs to take place for the Court to assess the sufficiency of what WSI alleges and grant the motion.

Entering a short stay of discovery would be practical, efficient, and prevent unnecessary prejudice to Quince. In its opposition to the motion to dismiss, WSI tries to expand the scope of the case, referencing many products and advertisements never mentioned in its Complaint. And WSI doubled down at the February 19, 2026 hearing. *See* Hr'g Tr. 58:17-19. WSI now contends that the case should reach over 450 products, *see id.*, and potentially thousands of advertisements. ECF 22 at 4. To that end, WSI has now served discovery requests seeking expansive discovery premised on the case being this broad. If discovery is not stayed, Quince will be unduly burdened by needing to respond to the discovery requests and this will inevitably lead to a slew of discovery disputes. Considering the case-dispositive motion to dismiss that is pending, the Court should not require discovery to proceed in the interim.

On the other hand, a stay would not prejudice WSI. WSI claims it needs discovery now because Quince's "advertising is constantly changing" (Opp. at 2), but that makes no sense. As WSI concedes, Quince is preserving documents relevant to this case (*id.* at 7), so WSI will not

be prejudiced should Quince produce them later if discovery proceeds. And WSI fails to explain how it can credibly claim prejudice when, by its own admission (*id.*), it waited over two years to sue after raising concerns about Quince's alleged false advertising. If WSI really believed this case were urgent, it would have filed it years ago and sought expedited relief. Instead, it waited and proposed a lengthy case schedule. Under these circumstances, there is no reason that WSI would be prejudiced by a short stay until the Court decides the motion to dismiss, which has already been fully briefed and argued.

## II. ARGUMENT

### A. Quince's Motion to Dismiss is Potentially Dispositive of the Case.

To find the first *Pacific Lumber* factor is satisfied, the Court need only conclude that the pending motion to dismiss is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Leonard v. CVS Pharm., Inc.*, 2025 WL 1266929, at *1 (N.D. Cal. May 1, 2025) (Davila, J.). While WSI inappropriately uses its Opposition here as a vehicle to reargue the motion to dismiss (Opp. at 4), the motion's "likelihood of success is not the standard for a stay of discovery." *Id.* at *2.

Rather, a motion to dismiss is "potentially dispositive" so long as it "consists of arguments directed at every claim in the operative complaint." *In re Wells Fargo Mortg. Modification Litig.*, 2025 WL 2961793, at *1 (N.D. Cal. Oct. 20, 2025). Quince's motion to dismiss satisfies this standard because it seeks to dismiss the entire Complaint. *See* ECF 21, 25 (seeking dismissal of the entire Complaint); Hr'g Tr. at 4:14-16, 30:23-24, 41:3-4 (arguing that "every" claim in the Complaint should be dismissed for one or more reasons). WSI does not and cannot dispute this.

Instead, WSI argues that the standard for staying discovery requires that the pending motion to dismiss seek dismissal of the entire case *with prejudice*. *See* Opp. at 4-5. This misstates the law. It does not matter whether the plaintiff is "likely to be afforded leave to amend any deficiently pleaded claim." *In re Wells Fargo Mortg. Modification Litig.*, 2025 WL 2961793, at *1 (rejecting WSI's argument and granting stay). Under the *Pacific Lumber* factors, "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery[.]" *Heck v. Amazon.com, Inc.*,

2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022). As a result, this Court rejected WSI's exact argument in granting a motion to stay discovery in another case: "Nor does the Court find persuasive Plaintiff's argument that the motion must set forth a basis for dismissal without leave to amend." *Fibrogen*, 2023 U.S. Dist. LEXIS 68757, at *4 (Davila, J.).

As the Court stated in *Fibrogen*, it is simply "not the practice in this district" to stay discovery only when dismissal is sought with prejudice. *Id.* (citing cases). The cases cited in *Fibrogen* and many others establish that WSI's position is contrary to the law. *See, e.g.*, *Garcia v. TDBBS, LLC*, 2025 WL 1755648, at *2 (N.D. Cal. June 25, 2025) ("[T]he inquiries into whether [Defendant's] Motion to Dismiss is ultimately successful and whether Plaintiff may be granted leave to amend do not factor into this District's *Pacific Lumber* factors"); *Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023) ("The Terra Nostra Defendants maintain that the pending motion to dismiss is not potentially dispositive of the case and that the Dutch Entities could remain Counter-Defendants in the case because the Dutch Entities have not demonstrated that it would be appropriate to dismiss the Counterclaims without leave to amend. This argument misreads the standard, and it has already been addressed by other courts in this District at the same stage of analysis."); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (granting stay because motion to dismiss "could be potentially dispositive" of certain claims and "difficult for Plaintiffs to overcome, even with leave to amend freely given"); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (similar); *In re Google Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020) (similar).

Indeed, courts in this district have entered discovery stays at the same time they have dismissed a complaint *with leave to amend*. *See, e.g.*, *Broussard v. Dole Packaged Foods, LLC*, 2024 WL 1540221, at *15 (N.D. Cal. Apr. 8, 2024) (staying discovery upon granting motion to dismiss the complaint with leave to amend); *Crowder v. LinkedIn Corp.*, 2023 WL 2405335, at *8 (N.D. Cal. Mar. 8, 2023) (same); *Carter v. Oath Holdings, Inc.*, 2018 WL 3067985, at *4 (N.D. Cal. June 21, 2018) (staying discovery until "Defendant files an answer to the operative complaint" even where motion to dismiss was granted with leave to amend).

Moreover, Quince does not "admit" that "amendment would *not* be futile." Opp. at 4. As Quince argued at the motion to dismiss hearing, it does not believe that WSI can plausibly allege that Quince's advertising is false even if granted leave to amend. Hr'g Tr. at 27:22-23. And there are multiple claims where it is already clear that dismissal should be with prejudice. *Id.* at 27:16-18 (facially implausible "identicality" message); *id.* at 34:23-35:2 (inactionable statements on product labels); *id.* at 40:2-7 (inactionable opinions by consumers in their reviews and inactionable alleged omissions by Quince). Staying discovery is appropriate even where the pending motion to dismiss merely has the potential to "limit the scope of discovery." *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2. Because Quince's motion to dismiss is potentially dispositive of WSI's entire case—and, at the very least, would dramatically limit its scope—a stay is warranted. *See also* Mot. at 5–6.

**B. No Discovery Is Necessary to Decide Quince's Motion to Dismiss.**

For the first time in its Opposition to Quince's motion to stay, WSI argues discovery is needed to resolve Quince's motion to dismiss. WSI did not mention discovery in its opposition to Quince's motion to dismiss or at the motion to dismiss hearing. Nor has it served discovery in connection with the motion to dismiss. Its argument that discovery is required to resolve the motion to dismiss, and that the motion to stay should therefore be denied, is artificial and baseless.

WSI improperly seeks to relitigate the motion to dismiss, claiming discovery is necessary because Quince cited and attached documents to its motion to dismiss papers, ignoring that these materials are incorporated by reference in the Complaint or otherwise are judicially noticeable. *See* Opp. at 5–7. The documents primarily are copies of Quince's advertising, which the Complaint references or shows in part, but does not show in full, omitting key context that refutes WSI's facially implausible interpretations of Quince's advertising. *See* ECF 21, 25.

To argue that this weighs against staying discovery, WSI relies on a single case—*Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012 (N.D. Cal. Feb. 23, 2024)—which it mischaracterizes as holding that a stay is improper whenever a motion to dismiss relies on materials from outside the complaint. But *Tavantzis* involved a dispute over personal jurisdiction and the court found that jurisdictional discovery likely would be necessary to decide the motion

to dismiss. *Id.* at *2. *Tavantzis* expressly distinguished cases where the "motions to dismiss turned on the plausibility of claims, rather than jurisdictional discovery." *Id.* And *Tavantzis* did not address a situation where the motion to dismiss relies on materials incorporated by reference in a complaint. *See id.*

Here, in contrast, Quince's "motion[] to dismiss could be decided without discovery because the motion[] turn[s] on the plausibility of the claims[.]" *Id.* at *2. "[T]he purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). Quince properly submitted materials incorporated by reference in the Complaint to highlight how WSI had failed to plausibly allege a claim. This does not mean discovery is necessary to resolve the pending motion to dismiss. *See, e.g.*, *Ledwidge v. Federal Deposit Insurance Corporation*, 2025 WL 885845, at *4 (N.D. Cal. Mar. 21, 2025) (granting motion to stay discovery pending resolution of motion to dismiss that relied on "materials attached to or incorporated by reference into the Complaint"); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2 (same).

Each of the examples identified by WSI reflects that Quince's motion to dismiss is based on the Complaint and what it incorporates. First, WSI takes issue with "a document attached to the MTD that purportedly depicts its webpage for Quince's Stillman Track Arm Chaise Sectional." Opp. at 5. But ***WSI itself cited – and thereby incorporated by reference – this precise webpage in its Complaint***. Compl. ¶¶ 8, 29. Quince submitted a screenshot of the exact URL cited in the Complaint. WSI takes issue with the fact that Quince's sectional has received new reviews since this action was filed, which are reflected in the more recent screenshot Quince provided. Product reviews accumulate over time—that is their nature. But this has nothing to do with why Quince submitted this webpage; the motion to dismiss does not turn on whether the sectional has 10, 12, or any other number of reviews. The reason Quince submitted the webpage is straightforward: WSI selectively cropped it, taking Quince's advertising totally out of context. *See* ECF 21 at 10–12; *see also* Quince Hearing Demonstratives. The Court is required to evaluate

Quince's advertising in full context, and the Ninth Circuit has said that the Court should look at the entire advertisement or website when a complaint omits it. *See* ECF 21 at 3 n.1, 6, 10, 13 n.3.

Next, WSI contends there is a factual dispute over whether Pottery Barn's Big Sur sectional is comparable to Quince's Stillman sectional. Opp. at 5. But Quince's motion to dismiss does not ask the Court to make any finding about the Big Sur. Rather, Quince argues that WSI has failed to plead facts tending to show it was false for Quince to advertise that Pottery Barn sells a sectional for $5,148 that is similar to the Quince Stillman sectional. While the Complaint alleges that Pottery Barn sells the Turner sectional for $3,598, it does not plead any facts tending to show that Pottery Barn does not sell a similar sectional for $5,148 or that the lower-priced Turner is of similar quality to the Quince Stillman sectional. The Court need not make any finding about the Big Sur sectional to conclude that WSI has failed to plausibly allege that the $5,148 comparison price constitutes false advertising. This deficiency is apparent from the face of the Complaint and the factual allegations it lacks.

For similar reasons, there is no factual dispute requiring discovery to decide the motion to dismiss regarding Quince's Beyond Compare chart for its Oakley handwoven jute rug. Quince argued that WSI failed to plausibly allege that Quince was comparing its rug to the Pottery Barn Haven rug as opposed to another Pottery Barn rug. To bolster this point, Quince submitted a screenshot of its webpage for the Oakley rug, which shows the Beyond Compare chart compares it to a handwoven Pottery Barn rug that costs $599. And Quince quoted the Pottery Barn webpage for the Haven rug to show it is not handwoven. This is proper: both webpages are cited in the Complaint. Compl. ¶¶ 44, 48. Quince then argued that WSI pointing to the fact that Pottery Barn sells a *non*-handwoven rug for $399 does not make it plausible to infer that it is false for Quince to advertise that Pottery Barn sells a handwoven jute rug for $599 that is comparable to Quince's Oakley handwoven jute rug. ECF 21 at 16. No discovery is needed to decide this issue.

In addition, WSI takes issue with a link to Quince's Airy Cotton Gauze Duvet Cover Set included in Quince's motion to dismiss. WSI argues that Quince "rel[ies] on a version of a webpage for its duvet cover set that *post-dates* the complaint[.]" Opp. at 6. This objection reflects a fundamental misunderstanding of how hyperlinks work: clicking a webpage link necessarily

opens the page as it exists at the time of access—not as it appeared on some prior date. More importantly, WSI included this exact link in its Complaint, thereby incorporating the webpage by reference. Compl. ¶¶ 63, 68, 70, 75, 85, 87. And in any event, all reviews on the page are dated, and Quince does not rely on any reviews posted after the Complaint was filed. As discussed at the motion to dismiss hearing, the Court can simply look at the dated reviews available at a link included in the Complaint to count how many had a 5-star rating as of the relevant date alleged in the Complaint. Discovery is unnecessary to resolve this straightforward matter.

Lastly, WSI complains about Quince's argument with respect to its discontinued Organic Turkish Waffle Towel. In its Complaint, WSI cited to a New York Times Wirecutter article, which is thereby incorporated by reference. Compl. ¶ 82. That article *undermines*—rather than supports—WSI's position: it states only that Quince's GOTS-certified cotton claim was "under review," not that it was false. ECF 21 at 8. WSI also failed to plead when, where, or how Quince allegedly made any false representation about the towel. *Id.* The Complaint is devoid of the facts required to state a false advertising claim. No discovery is needed to reach this conclusion.

WSI cannot show that any discovery is needed to resolve the motion to dismiss because Quince's arguments are all grounded in the Complaint and what it alleges or fails to allege. For the reasons explained in the motion to dismiss, the Court should dismiss the entire Complaint and it may do so without the parties engaging in any discovery. As such, the second *Pacific Lumber* factor also favors staying discovery until the motion to dismiss is resolved.

**C. Proceeding with Discovery Will Unfairly Burden Quince.**

Quince will be unduly burdened if discovery were to proceed now. Twenty minutes after Quince filed its motion to stay, WSI served 38 document requests on Quince. *See* Weil Decl., Ex. A.[1] The Requests are sweeping in scope. Among other things, WSI demands: "[d]ocuments concerning or referring to WSI, any WSI Brand, or any WSI product related to any advertising or competition"—no matter whether the brand or product is at issue in the Complaint;

[1] At the hearing on Quince's motion to dismiss, Quince requested that the Court stay its responses and objections to WSI's First Set of Requests for Production of Documents at least until the Court decides the motion to stay. Hr'g Tr. at 65:2-8. Quince reiterates that request here.

"[d]ocuments concerning, showing, or referring to the selection, design, development, creation, or adoption of any advertisements mentioning WSI, any WSI Brand, or any WSI product"—no matter whether the Complaint challenges those advertisements; and "[d]ocuments concerning, showing, or referring to consumer complaints or refund requests to the Home Categories, including but not limited to customer service logs and chat transcripts"—no matter whether they are germane to the alleged false advertising. *Id.* at 4-6. And these are just three of the 38 requests propounded by WSI in its "First" set of requests.

The Requests are grossly overbroad even if the Court were to deny the motion to dismiss. But if the Court were to dismiss the Complaint, even in part, that would vastly affect the scope of what discovery is relevant. Until the Court rules on the motion to dismiss, the parties will have drastically different views about the scope of the case, which will lead to many discovery disputes. Requiring Quince to respond to these Requests and other discovery—by lodging objections, engaging in meet-and-confer efforts, litigating discovery disputes, and collecting and reviewing potentially responsive materials—would be a waste of the parties' and the Court's resources, particularly where a ruling on the motion to dismiss may dispose of this case entirely.

WSI argues that, because Quince has complied with its preservation obligations, producing these materials should be "relatively simple." Opp. at 7. This argument is ludicrous, willfully ignoring that, notwithstanding the fact that Quince has complied with its preservation obligations, searching Quince's files will require significant resources and will be disruptive to Quince's business. Among other things, Quince will need to determine which custodian files to search and what search terms to utilize and will need to conduct a responsiveness review of documents that hit on said search terms. All of these efforts are premature when the scope of the case is not yet defined.

These efficiency concerns are heightened by the fact that Quince will be filing counterclaims against WSI. As previously noted, the anticipated counterclaims will include false advertising claims against WSI, and Quince anticipates that discovery will involve substantial discovery on non-overlapping issues. Redoing document collections and searches once the counterclaims are filed would be inefficient.

Finally, such discovery is especially burdensome where the parties are competitors. Indeed, the court in *Aristocrat Technologies, Inc. v. Light & Wonder, Inc.* expressly noted that discovery is burdensome where the parties are competitors and one seeks "marketing plans and strategies." 2024 WL 2302151, at *3 (D. Nev. May 21, 2024). In the Requests, WSI seeks, *inter alia*, Quince's consumer insights (RFP 3-6), manufacturing processes (RFP 17), customer service logs (RFP 19), competitor benchmark analyses (RFP 24-26), agreements with partners (RFP 28), sales data (RFP 29), investor materials (RFP 30-31), and financials, including capitalization tables (RFP 37). These and other requested documents—which are of dubious relevance to the allegations in the Complaint—are highly proprietary and sensitive. Quince should not be obligated to turn this information over to a competitor when "no determination has been made about whether plaintiffs have stated a claim." *Aristocrat Techs.*, 2024 WL 2302151, at *3. Further, a "protective order does not always fully eliminate the sort of concerns that [Quince] ha[s] raised here, particularly in litigation between 'direct competitors'" where WSI as a competitor is inappropriately engaging in a fishing expedition into Quince's business practices to learn more about its business and launch a campaign against it. *Contractor Mgmt. Servs. LLC v. Para Inc.*, 2025 WL 2531538, at *3 (D. Ariz. Sept. 2, 2025).

**D. WSI Articulates No Reason a Stay Would Prejudice It.**

A discovery stay will not prejudice WSI. As Quince pointed out in its moving brief, there is nothing particularly urgent about this case. WSI complained about Quince's advertising in March 2023 and then waited well over two years before suing in November 2025. *See* ECF 27-1 (showing that WSI wrote to Quince abouts its allegedly false advertising in March 2023).

When it finally sued, WSI did not move for any expedited relief. Instead, it proposed a case schedule under which the Court would not even *set* a trial date for another eighteen months. WSI claims it first proposed a "shorter schedule" and later "agreed to a longer schedule proposed *by Quince*." Opp. at 8 (emphasis in original). That is inaccurate. WSI is referring to the fact that it suggested ending fact discovery at the end of 2026 and then chose to push that back two weeks to mid-January 2027. Weil Decl. ¶ 3. But WSI never agreed to Quince's proposed case schedule. *Id.* And during the parties' back-and-forth over the CMC statement, WSI never modified its

initial proposal that the final pretrial conference deadline be set for July 22, 2027. *Id.* Given all these facts showing that WSI has not pursued this case with any urgency, WSI cannot credibly claim that potentially starting discovery a few months from now would result in any prejudice. *See Reveal Chat*, 2020 WL 2843369, at *4 (finding no prejudice to staying discovery where trial was not set for another two years); *In re Google*, 2020 WL 7227159, at *3 (similar).

WSI argues that immediate discovery is required to collect "Quince's dealings with its marketing and advertising partners and vendors, the algorithms it is using . . . and the myriad changes and styles of dynamic ads Quince is using on social media and its website." Opp. at 8. That makes no sense. As WSI concedes, Quince is preserving documents relevant to this case. *Id.* at 7. *See* ECF 26 § 5 (reflecting that the parties conferred about evidence preservation and there were no disputed issues). There is no reason that WSI needs Quince to start collecting documents now when the same documents can be produced later should the case proceed to discovery. If anything, the supposedly changing nature of Quince's advertising weighs in favor of *deferring* discovery to avoid needing another collection later to capture the alleged changes.

Moreover, the only "change" to Quince's advertising that WSI has identified is nothing more than consumers posting new reviews on Quince's website. *See* Opp. at 8. Proceeding with discovery now is not going to stop reviews from continuing to be posted throughout this lawsuit, although to the extent that it matters which reviews were posted when, all the reviews on Quince's website are dated. *See* Compl. ¶ 72 (citing the dates reviews were posted); *see also* Hr'g Tr. at 35:25-36:2. WSI's concern about Quince's website "changing" is plainly contrived, but if were concerned about new reviews being posted, there is nothing stopping WSI from taking screenshots of Quince's website or reviews with whatever frequency it deems appropriate.

WSI has failed to identify any prejudice it would suffer from waiting to start discovery. Accordingly, all the factors that courts in this district consider weigh in favor of staying discovery until Quince's potentially case-dispositive motion to dismiss is resolved.

## III. CONCLUSION

For the reasons set forth above, Quince respectfully asks the Court to stay discovery pending resolution of its motion to dismiss.

Dated: March 5, 2026

Respectfully submitted,

*/s/ Simona Weil*
Bart H. Williams (SBN 134009)
Simona Weil (SBN 316449)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
bwilliams@proskauer.com
sweil@proskauer.com

Baldassare Vinti*
Jeffrey H. Warshafsky*
Alisha Gupta*
PROSKAUER ROSE LLP
11 Times Square New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bvinti@proskauer.com
jwarshafsky@proskauer.com
agupta@proskauer.com

*Admitted Pro Hac Vice

*Attorneys for Last Brand, Inc. d/b/a Quince*