UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS-SONOMA, INC.,

Plaintiff,

v.

LAST BRAND, INC.,

Defendant.

Case No. 5:25-cv-10118-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY**

Re: Dkt. No. 27

Before the Court is Defendant Last Brand, Incorporated's d/b/a Quince ("Quince") Motion to Stay Discovery until the Court rules on its Motion to Dismiss Plaintiff Williams-Sonoma Incorporated's ("WSI") Complaint. Quince's Motion to Stay Discovery will be GRANTED.

## I.      BACKGROUND

WSI alleges that Quince falsely advertises Quince's own products as similar to or the same as, but less expensive than, WSI brand's products.[1] WSI filed its complaint on November 21, 2025, raising four claims: (1) false advertising in violation of the Lanham Act (15 USC § 1125(a)(1)(B)); (2) false advertising in violation of California's false advertising law ("FAL") (Cal. Bus. & Prof. Code § 17500); (3) unfair competition in violation of California's unfair competition law ("UCL") (Cal. Bus. Prof. Code § 17200); and (4) restitution based on quasi-contract. Compl., ECF No. 1. Quince moved to dismiss the entire Complaint with prejudice on January 2, 2026 pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). Mot. to Dismiss, ECF No. 21. On February 12, 2026, Quince filed the present Motion to Stay Discovery pending an order on the Motion to Dismiss. Mot. to Stay Disc., ECF No. 27. This Court heard

---

[1] The WSI Brand includes Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, West Elm, Williams Sonoma Home, Rejuvenation, Mark and Graham, and GreenRow. Compl. ¶ 1.

Case No. 5:25-cv-10118-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY
1

argument on the Motion to Dismiss (the "Motion") on February 19, 2026, and took the matter under submission. Quince now asks the Court to stay discovery pending its ruling on the Motion.

WSI began written discovery while the parties briefed the present Motion to Stay, serving Quince with its first set of requests for production on February 12, 2026. WSI Req. for Produc., ECF No. 35-1.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a potentially dispositive motion is pending but courts have "wide discretion in controlling discovery" and "may, for good cause, issue an order to protect a person or party from annoyance, embarrassment, oppression or undue burden or expense[.]" *Yamasaki v. Zicam LLC*, No. 21-cv-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (first quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); and then quoting Fed. R. Civ. P. 26(c)). The party seeking the stay of discovery "carries the heavy burden of making a 'strong showing' why discovery should be denied." *In re Nexus 6p Products Liability Litigation*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

Courts in this district apply a two-prong test to determine whether a stay of discovery is appropriate. *Smith v. Levine Leichtman Cap. Partners, Inc.*, No. C 10-00010-JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011) (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). First, the moving party must show that the pending motion is potentially dispositive of the entire case, or at least the issue at which discovery is directed. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). Second, the court must consider whether the pending dispositive motion can be decided absent additional discovery. *Id.* "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Yamasaki*, 2021 WL 3675214, at *1 (quoting *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013)). If

Case No. 5:25-cv-10118-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY
2

both of these inquiries are answered affirmatively, courts have discretion to stay discovery. *Id.*

Courts in this Circuit sometimes also consider additional factors to evaluate if good cause exists to grant a stay, including whether "a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential waste of resources." *Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (citation omitted).

## III. DISCUSSION

The Court finds that Quince has satisfied both *Pacific Lumber* factors. On the first, Quince filed a motion to dismiss, raising arguments that WSI fails to plead enough facts to state a plausible claim for relief under Rule 12(b)(6) and does not plead the "who, what, when, where, and how," of the allegations sounding in fraud as required by Rule 9(b). Mot. to Dismiss 13 (citation omitted). In taking its "preliminary peek" at the Motion, the Court observes that Quince seeks to dismiss WSI's entire complaint because WSI fails to plausibly allege that *any* of Quince's advertising is false or misleading. Quince's Motion presents strong arguments, and if the Court grants Quince's Motion in its entirety, it will dispose of all claims.

The Court finds WSI's arguments to the contrary insufficiently persuasive to overcome Quince's arguments underscoring the potentially dispositive nature of this Court's ruling on its Motion. WSI primarily contends that the Motion is not case dispositive because even if this Court grants it, WSI will likely be granted leave to amend. *See* WSI Opp'n to Mot. to Stay 4, ECF No. 34. WSI relies heavily on *Railware, Inc. v. Peninsula Corridor Joint Powers Board* for the proposition that, because amendment may not be futile, a stay of discovery is not warranted. No. 5:25-cv-05725-BLF, 2026 WL 104229, at *2 (N.D. Cal. Jan. 14, 2026). But there, the court's commentary about amendment followed its conclusion that after a preliminary peek at the motion to dismiss, contested issues prevented the court from ruling that the motion was potentially dispositive before the motion was argued. *Id.*[2] Further, courts in this district have made clear that

---

[2] WSI cites *Singh v. Google* for a similar proposition. *See* WSI Opp'n to Mot. to Stay 6 (citing *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4,

United States District Court
Northern District of California

the possibility that a plaintiff is "likely to be afforded leave to amend any deficiently pleaded claim . . . does not change the character of the Motion to Dismiss, which remains potentially dispositive." *See, e.g.*, *In re Wells Fargo Mortgage Modification Litig.*, No. 24-cv-01358-MMC, 2025 WL 2961793, at *1 (N.D. Cal. Oct. 20, 2025). WSI also argues that Quince's Motion to Stay Discovery should be denied because Quince is unable to identify a claim that is "categorically barred as a matter of law and that cannot be cured by amendment." WSI Opp'n to Mot. to Stay 8. But WSI does not cite any authority stating that *only* arguments that its claims are categorically barred may be "potentially dispositive of the entire case." *Cf. Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 5:22-cv-07148-EJD, 2023 U.S. Dist. LEXIS 68757, at *3 (N.D. Cal. Apr. 19, 2023). Accordingly, the Court finds that Quince has satisfied the first prong set out in *Pacific Lumber*.

The Court finds that Quince's Motion is based solely on the allegations of the Complaint and can be decided without additional discovery such that the second *Pacific Lumber* prong is also satisfied. WSI argues that discovery is needed to decide the pending Motion because "Quince has inserted factual disputes via its MTD that are not properly resolved at the pleading stage." WSI Opp'n to Mot. to Stay 8. WSI points to Quince's citation and attachment of WSI's annual report and screenshots from Quince's webpages that post-date the Complaint, which it characterizes as evidence outside of the complaint. *Id.* Quince disagrees with WSI's characterization of this evidence, arguing that its motion to dismiss relied on materials that were incorporated by reference in the Complaint. Quince Reply ISO Mot. to Stay 10, ECF No. 35.

Even where a document is not attached to a complaint, "it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For the most part, the Court agrees with Quince that the content attached to or referenced in its

---

2016)). There, Google sought a stay before briefing on the potentially dispositive motion to dismiss was completed, which made it impossible for the court to take a "preliminary peek" at the merits of the underlying motion. *Singh*, 2016 WL 10807598, at *2.

Case No. 5:25-cv-10118-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY
4

Motion is incorporated by reference or judicially noticeable. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating by reference surrounding webpages of ESPN website that plaintiffs alleged to be defamatory); *Ott v. Silva*, No. 19-cv-07247-LB, 2020 WL 9422391, at *1 n.7 (N.D. Cal. Feb. 24, 2020), *report and recommendation adopted,* No. 19-cv-07247-EMC, 2020 WL 9422379 (N.D. Cal. Mar. 19, 2020) (Fed. R. Evid. 201(b)–(c) provides that courts may take judicial notice on their own of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The Court notes, however, that in its Motion, Quince includes a link to a Pottery Barn "Big Sur" sectional that is not cited in the Complaint to support its argument that the price presented in one of the challenged "Beyond Compare" charts is not false. *See* Mot. to Dismiss 9. Quince appears to implicitly acknowledge that the existence of this sectional (and its price) may be a fact "outside" the Complaint and notes in its Reply in Support of the Motion to Stay Discovery that its Motion to Dismiss "does not ask the Court to make any finding about the Big Sur." Quince Repl. ISO Mot. to Stay 11. Quince argues rather that its Motion merely argues that "WSI has failed to plead facts tending to show it was false for Quince to advertise that Pottery Barn sells a sectional for $5,148 that is similar to the Quince Stillman sectional." *Id.* Accordingly, the Court will not make any findings about the Big Sur sectional when assessing whether WSI has alleged facts sufficient to support its claims that "Quince's statements are false and misleading because": "Pottery Barn does not sell the Quince Sectional," "Pottery Barn does not sell a product that is the same as the Quince Sectional," and/or "Quince never identifies the Pottery Barn sectional . . . despite being required to do [so] before making the false comparison." Compl. ¶¶ 30–32, 110.

Finally, the Court finds that there is good cause to stay discovery at this time because it will promote efficiency and conserve the parties' resources. *See Tavantzis*, at *1. WSI's anticipated discovery includes written discovery; ESI including emails, internal communications, advertisement drafts, and data analytics; financial documents; consumer research and surveys; depositions of party representatives and experts; and third-party discovery. Joint Case Management Conf. Statement 5, ECF No. 26. WSI served its first set of requests for production

on February 12, 2026.  *See* WSI Req. for Produc., ECF No. 35-1.  These requests are broad, seeking, for example, "Documents showing which WSI Product You purport to have compared any of Your Products against in any of Your comparative advertising."  *Id.*  Quince contends, and the Court tends to agree, that without the Court's order to provide guidance to the parties on the scope of the case—including the number of products at issue—numerous discovery disputes are likely.  *See* Transcript of Proceedings at 70–71, ECF No. 36.

**IV.    CONCLUSION**

For the foregoing reasons, Quince's Motion to Stay Discovery is GRANTED.  Discovery is STAYED until the Court issues a ruling on Quince's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: May 12, 2026

Edward J. Davila
United States District Judge

United States District Court
Northern District of California

Case No. 5:25-cv-10118-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY
6